UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:      -CIV

ELIZABETH GHALI

    Plaintiff,

v.

AETG, LLC.

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, ELIZABETH GHALI (hereafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and sues Defendant, AETG, LLC. (hereafter "Defendant"), and in support avers as follows:

### JURISDICTION, PARTIES AND VENUE

1. This is an action by the Plaintiff and other similarly-situated individuals for damages exceeding the jurisdictional limits of this Court excluding attorney's fees or costs for damages pursuant to 28 U.S.C. Sections 1331 and 1343, in as much as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., and Section 760.10 of the Florida Statutes to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of gender and sexual harassment found on Plaintiff's complaint of discrimination in the workplace.

2. Plaintiff is a resident of Miami-Dade County, Florida and Defendant is situated in Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. Defendant is a Florida Corporation doing business in Miami-Dade County, Florida.

4. Defendant is a "person" and/or an "employer" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

5. Defendant is a "person" within the purview of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

6. At all times material hereto Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

7. At all times hereto, Plaintiff was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

8. Defendant is a "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et.seq., since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

9. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq.

10. At all times material hereto Defendant is an "employer" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01 et seq.

11. At all times hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01 et seq.

12. Plaintiff is a female former employee of the Defendant is a member of a class of persons protected from discrimination in her employment.

13. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations, the agencies which are responsible for investigating claims of employment discrimination.

14. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

15. On or about October of 2011, Plaintiff began her with the Defendant as a cashier.

16. On or around February 2018 through the end of Plaintiff's employment with Defendant, Plaintiff was verbally and physically harassed by a salesman named Noel Morales.

17. Since February 2018, at the very minimum, Plaintiff was sexually harassed by Noel Morales approximately 7 times.

18. On numerous occasions, Noel Morales would try to hug Plaintiff without Plaintiff's permission. Plaintiff rejected these hugs.

19. On numerous occasions, Noel Morales would attempt to sweet talk Plaintiff by calling her pretty and using other flattering words.

20. On or about August 3, 2018, Noel Morales approached Plaintiff from behind and touched her buttocks. Plaintiff immediately confronted Noel Morales.

21. On or about August 14, 2018, Plaintiff reported the incident to her manager, Beatriz Marshall.

22. Plaintiff was told by Ms. Marshall that Defendant would conduct an investigation. Plaintiff was never informed of the results of the investigation.

23. Defendant did not take any action against Noel Morales.

24. Noel Morales was a top salesman for Defendant and he was protected by Defendant.

25. Plaintiff's co-worker, Johanna Cisneros was a witness to Noel Morales touching Plaintiff's buttocks, but Noel Morales convinced Ms. Cisneros to not testify against him during Defendant's investigation.

26. After Plaintiff voiced her complaints about Noel Morales, the manager, Beatriz Marshall began to treat Plaintiff differently.

27. Plaintiff had to work alone for three weeks despite Plaintiff requesting help from Ms. Marshall.

28. Defendant's constant sexual remarks and advances made Plaintiff feel extremely uncomfortable.

29. Male employees were not subject to sexual advances and remarks by Noel Morales.

30. As such, male employees did not feel uncomfortable at work and did not have to change their regular behavior to avoid Defendant.

31. Plaintiff was at a disadvantage from male employees because she constantly feared Defendant would sexually harass her.

32. On or about September 11, 2018, Plaintiff decided to leave her employment with Defendant as a result of the sexually harassing behavior from Noel Morales and the lack of action by Defendant.

33. Plaintiff was qualified for her job as a cashier. Plaintiff worked continuously as a cashier for Defendant since 2011.

34. On or about September 19, 2019, Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission (hereafter referred to as the "EEOC").

35. On or about June 13, 2019, the EEOC issued a "Notice of Suit Rights" to Plaintiff.

36. Plaintiff has suffered damages from the conduct of Noel Morales, the Defendant and their agents.

**COUNT I**
**SEXUAL HARRASSMENT UNDER TITLE VII**

37. Plaintiff reasserts her allegations in paragraphs 1- 36 as fully set forth herein.

38. Section 200e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

    "(1) It shall be an unlawful employment practice for an employer:

    (a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

39. As part of its prohibitions, Title VII prohibits sexual harassment.

40. The conduct to which Plaintiff was subjected was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of Title VII.

41. The sexually harassing conduct to which Plaintiff was subjected was perpetrated against as a result of her sex (female), and constituted actionable sexual harassment.

42. Defendant's alleged basis for its adverse conduct against the Plaintiff are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

43. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff.

44. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff according demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

45. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

46. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and cost as a result of Defendant's conduct in violation of Title VII.

## COUNT II
## SEX/GENDER DISCRIMINATION UNDER TITLE VII

47. Plaintiff reasserts her allegations in paragraph 1-36 as fully set forth herein.

48. Section 200e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

   "(1)   It shall be an unlawful employment practice for an employer:

   (b) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

49. Title VII accordingly prohibits discrimination based on sex.

50. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's sex/gender, which male individuals were not and would not have been subjected, in violation of Title VII.

51. Defendant's alleged basis for its adverse conduct against the Plaintiff are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

52. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff.

53. As a result of the sexually harassing conduct to which the Plaintiff was subject and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

54. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

55. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and costs as a result of Defendant's conduct in violation of Title VII.

## COUNT III
## SEXUAL HARASSMENT UNDER THE FCRA

56. Plaintiff reasserts her allegations in paragraphs 1- 36 as fully set forth herein.

57. Section 760.10 of the FCRA states in relevant part:

    "(1) It is unlawful employment practice for an employer:

    (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

58. As part of its prohibitions, the FCRA prohibits sexual harassment.

59. The conduct to which Plaintiff was subjected to was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of the FCRA.

60. The sexually harassing conduct to which Plaintiff was subjected was perpetrated against as a result of her sex (female), and constituted sexual harassment.

61. Defendant's alleged bases for its advanced conduct against Plaintiff are pre-textual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of its conduct.

62. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff.

63. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the

form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff according demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

64. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

65. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages.

## COUNT IV
## SEX/GENDER DISCRIMINATION UNDER FCRA

66. Plaintiff reasserts her allegations in paragraphs 1-44 as fully set forth herein.

67. Section 760.10 of the FCRA states in relevant part

   (1) It is an unlawful employment practice for an employer:

      (b) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

68. The FCRA accordingly prohibits discrimination based on sex.

69. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's sex/gender, which female individuals were not and would not have been subjected, in violation of the FCRA.

70. Defendant's alleged bases for its adverse conduct against the Plaintiff are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

71. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors of Defendant's adverse conduct toward Plaintiff.

72. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

73. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

74. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff prays for the entry of a judgment against Defendant and an award of economic damages in the form of back pay and front pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and costs as a result of Defendant's conduct in violation of the FCRA.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury

Respectfully submitted

GALLARDO LAWOFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144

Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223